FILED

2003 NOV 12  A 10: 40

US DISTRICT COURT
BRIDGEPORT CT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RETINELLA BRAMWELL,<br>*Plaintiff,* | CIVIL NO. 3:00CV1934 (SRU) |
| v. | |
| UCONN HEALTH CENTER, ET AL.<br>*Defendants.* | NOVEMBER 10, 2003 |

## MOTION IN LIMINE

In the above-captioned case, Defendant has proffered two (2) expert witnesses as potential witnesses. Each, according to his report, will testify concerning his appraisal of the Plaintiff's performance as a Charge or Head Nurse during a "Code White" emergency at a prison facility on May 15, 1999. The reports of the said "experts" indicate what documentation/materials they reviewed.

Plaintiff submits, pursuant to the Federal Rules of Evidence and relevant case law that:

a. the proposed expert testimony does not address an issue beyond the common knowledge of the average layman/juror; and

b. the normal experiences and qualifications of lay jurors are sufficient for them to draw proper conclusions from the given facts and circumstances; and

c.  although both "experts" were available to UConn Health Center before its nonexpert personnel made the judgment to discipline Plaintiff, neither was consulted prior to this litigation; and

d.  no enlightenment from those having or claiming specialized understanding of the subject matter involved here is necessary. Lay jurors are qualified to determine intelligently and to the best degree possible the issue involved here; and

e.  Expert testimony ought not be used merely to repeat or summarize what the jury independently has the ability to receive and understand; and

f.  Expert testimony is not admissible when it addresses lay matters which a jury is capable of understanding and deciding; and

g.  The "expert" testimony is not based on scientific knowledge or information; and

h.  Dr. Schulman, offered as an expert, does not indicate he has ever had any experience in a prison setting. He does not indicate he ever worked in a prison situation. Nor has he ever been a nurse in a hospital/prison setting; and

i.  Defense experts' own practices are not probative of the standard of care; and

j.  Defendants' experts' testimony completely ignores the acts/actions of others, trained to perform CPR, all of whom preceded Plaintiff to the scene; and

k.  Defendants' experts' testimony will not assist the jury in determining the central issue in this employment discrimination case whether Plaintiff was a victim of Title VII

discrimination, disparate treatment, was forced to work in a hostile environment, was retaliated against, etc. Their testimony is irrelevant in this case. This is not a negligence case; and

l. The experts' testimony, based on their reports, will be at best conclusory, couched in claims of the relevant legal standard, and of little to no assistance to the court; and

m. Defendants (and Plaintiff) will offer first hand, eyewitness testimony as to what happened; the facts are not completed; and

n. Nothing which the said "experts" propose to testify about is so technical or complex that the jury could not grasp it without the aid of experts; and

o. The opinions offered would invade the province of the jury; and

p. To allow the said expert testimony, or any of it, will unduly prejudice Plaintiff in this civil rights/employment discrimination case; and

q. To allow the testimony of these experts would interfere inappropriately with the jury's judgment process. Their testimony will not assist the jury in understanding the evidence and would in fact infringe upon the role of the fact finder.

PLAINTIFF
RETINELLA BRAMWELL

By _____
John Rose, Jr.   ct 04228
LEVY & DRONEY, P.C.
74 Batterson Park Road
Farmington, CT 06032
(860)676-3115

Her Attorney

## CERTIFICATION

I hereby certify that a copy of the foregoing was send by facsimile and regular mail this 10th day of November, 2003 to:

Jane B. Emons
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

_____
John Rose, Jr.