FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 NOV 14  P 2: 58

US DISTRICT COURT
BRIDGEPORT CT

RETINELLA E. BRAMWELL : CIV. NO: 3:00CV1934(SRU)
   Plaintiff :

VS.

THE UNIVERSITY OF CONNECTICUT : NOVEMBER 14, 2003
   HEALTH CENTER, STATE OF
CONNECTICUT DEPARTMENT OF
CORRECTIONS, ESTHER MCINTOSH
AND KAREN DUFFY-WALLACE
   Defendants

### DEFENDANT'S MEMORANDUM IN OPPOSITION
### TO PLAINTIFF'S MOTION IN LIMINE

**I.**   **PRELIMINARY STATEMENT**

On November 13, 2003, plaintiff submitted a Motion In Limine requesting this Court order Defendant to pay bills of physicians whom plaintiff disclosed as fact witnesses. Defendant files this Memorandum in Opposition. This matter is scheduled to begin trial November 17, 2003.

**II.**   **AGRUMENT**

Procedurally, defendant must first note that the Court's pre-trial order dated March 14, 2003 clearly stated that all Motions in Limine were to be appended to the Joint Pre-Trial Memorandum. The parties' Joint Pre-Trial Memorandum was submitted on May 7, 2003. There were no Motions In Limine attached by plaintiff.

Secondly, F.R.C.P. 26(a)(2)(B), provides:

> Disclosure of Expert Testimony,
>
> (B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, <u>be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition with the preceding four years</u>.
>
> (C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, <u>the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or</u>, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision(e)(1).

(Emphasis added).

The disclosures made in Plaintiff's Responses to Defendant's Interrogatories #3 (dated March 5, 2002) and appended to Plaintiff's Motion In Limine do not comply with

this Federal Rule for disclosure of expert witnesses. No written reports of such so-called "experts" were provided to defendant.[1] No statements of opinions or the basis and reasons therefor were provided. No indication of the data or other information considered by these "experts" was provided. No exhibits were provided to defendant. In fact, defendant was required to subpoena the records of these treating physicians in order to obtain them as plaintiff never provided them pursuant to discovery requests.

In short, the physicians named by plaintiff were never disclosed as experts in compliance with F.R.C.P. 26(a)(2)(B). Because this rule regarding proper expert disclosure was never complied with, and because factual testimony as to the physicians' treatment of plaintiff was relevant to both sides' case, these physicians have always been treated as fact witnesses, and not expert witnesses, and were deposed as fact witnesses. It is defendant's understanding that plaintiff has subpoenaed these physicians to testify at trial. Certainly, if plaintiff attempts to call these treating physicians as expert witnesses at trial, defendant will move to preclude at that time. Should the Court allow plaintiff to put on expert testimony at this late date without compliance with the Federal Rules, plaintiff will be responsible for their expert witness fees pursuant to FRCP 26, regardless of whether or not they will testify as "hostile witnesses."

---

[1] There is no listing of "Expert Report of _____" for any of these doctors in the Joint Pre-Trial Memorandum of May 7, 2003. See List of Exhibits, section 9. Paragraphs 13-17 of that section merely lists "medical records, reports, bills, correspondence and related matters contained in Retinella Bramwell file maintained by Dr. _____." Compare to paragraphs 31 and 32 of this section which refer to "Expert Report of Peter Schulman, M.D." and "Expert Report of James McMahon, R.N.", respectively, defendant's experts who were fully disclosed in compliance with FRCP 26.

3

Finally, as a result of plaintiff's failure to comply with this rule, defendant made it clear as far back as October 1, 2002 that it would not be paying expert fees to these witnesses, since they were fact witnesses. Indeed, plaintiff's counsel has known this payment issue was an issue since at least May 7, 2003 as indicated by the letter attached to his Motion In Limine. Yet, plaintiff never moved this Court to determine the issue until now, on the eve of trial. Plaintiff's Motion is dilatory and should be disallowed.

## CONCLUSION

For the foregoing reasons, defendant respectfully submits that plaintiff failed to comply with the federal rules, that the doctors at issue are not expert witnesses, that defendants are not responsible for fees, and that plaintiff's Motion In Limine should be denied.

> RESPECTFULLY SUBMITTED
>
> THE DEFENDANTS
> UNIVERSITY OF CONNECTICUT
>    HEALTH CENTER, ET AL
>
> RICHARD BLUMENTHAL
> ATTORNEY GENERAL
>
> JANE D. COMERFORD
> ASSISTANT ATTORNEY GENERAL
> UNIVERSITY OF CONNECTICUT
>    HEALTH CENTER
> 263 FARMINGTON AVENUE

4

FARMINGTON, CT 06030-3803
(860) 679-1114
FEDERAL BAR #ct06328
Email: COMERFORD@ADP.UCHC.EDU

## CERTIFICATION

I hereby certify that a copy of the foregoing Memorandum in Opposition to Plaintiff's Motion in Limine was hand delivered on this 14th day of November, 2003, to the following:

John Rose, Jr., Esq.
Levy & Droney, P.C.
Pond View Corporate Center
74 Batterson Park Road
Farmington, CT 06032

Jane D. Comerford
Assistant Attorney General