IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2003 NOV 14  P 2: 58

BRIDGEPORT CT

| | | |
|---|---|---|
| RETINELLA BRAMWELL, | : | CIVIL NO. 3:00CV1934 (SRU) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| UCONN HEALTH CENTER, ET AL. | : | |
| *Defendants.* | : | NOVEMBER 13, 2003 |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S
## MOTION IN LIMINE AND MOTION FOR STAY

The plaintiff has filed a Motion in Limine with the court dated November 11, 2003 wherein she moves for an order prohibiting the defendant and/or its counsel "from stating or reporting to the jury, orally or in writing that the Court in Superior Court Case No. CV97-0481200 ... ruled against Plaintiff in that employment discrimination case." The plaintiff asserts that she took an appeal albeit on a technical jurisdictional ground and maintains that she will be unduly prejudiced if such adverse judgment were to be known by the jury.

The defendant asserts that such ruling, if announced to the jury will not be prejudicial. In the alternative should the Court agree with plaintiff, in the name of judicial economy and in order to avoid potentially wasteful efforts on the part of all concerned, the Court should stay these proceedings until the State of Connecticut Appellate Court has issued is ruling.

Procedurally, the defendant must first note that the Court's Pre-Trial Order dated March 14, 2003 clearly stated that all Motions in Limine were to be appended to the Joint Pre-Trial Memorandum. While the parties' Joint Pre-Trial Memorandum was submitted on May 7, 2003, there were no Motions in Limine attached. The Plaintiff anticipated his underlying motion in May 2003, as noted in the Pre-Trial Memorandum. The Plaintiff was also fully aware from the

defendant's exhibit list contained therein that it intended to introduce Judge Kocay's Memorandum of Decision dated March 28, 2002.

Additionally, and ironically, plaintiff has included in her exhibits, which were exchanged with the undersigned on Friday's date, numerous documents and former exhibits from the Superior Court trial, the existence of which counsel seeks to nullify. Presumably, the inclusion of these documents, never originally listed on the Joint Pre-Trial List of Exhibits, are offered to prove numerous allegations in plaintiff's compliant that were thoroughly litigated in the Superior Court case. Those allegations are more specifically noted in paragraphs 19, 20, 21 and 31. It is submitted by the defendant that Judge Kocay, having heard all of plaintiff's allegations and having assessed the testimony of all witnesses, ruled that the plaintiff was not credible and that she did not meet her burden of proof on any of her claims. After ten days of trial, Judge Kocay ruled in the defendants' favor. The plaintiff did not take an appeal challenging any of Judge Kocay's findings. She appealed on a technical ground, asserting that the Judge did not render a ruling on a motion to dismiss in a timely manner. There is no legal precedent for plaintiff's appeal. To the extent that the plaintiff never challenged any of the Superior Court's findings, she should be deemed to have accepted those findings; she cites no law to the contrary.

The plaintiff, in this trial, will offer evidence submitted in the earlier trial, that she has suffered discrimination for many years. She will offer testimony that the same people discriminated against her over the years. The plaintiff has alleged in her complaint and will offer testimony that she performed in a competent and professional manner at all times. Finally, she will offer evidence that the defendants retaliated against her for making her earlier claims. It is inconceivable that she be allowed to offer such evidence and that the defendants should be asked to ignore hundreds of pages of trial testimony, numerous documents that prove otherwise, and

2

finally, the ruling from the court that previously litigated this matter. The plaintiffs should not be allowed to relitigate the earlier claims in this court and ignore the <u>fact</u> that a Superior Court Judge heard her testimony and claims and did not believe either her or them. The defendants should be allowed to offer the <u>fact</u> that Judge Kocay rendered a ruling against plaintiff in the very claims that she seeks to reassert before this court.

If the Court is inclined to grant the plaintiff's Motion in Limine, the defendant will claim that its ruling will cause undue prejudice to the defendant in the presentation of its case. In the alternative, the defendant requests that the Court grant a stay and continue this case until after the Appellate Court has issued a ruling. The appeal was argued on September 12, 2003 and a decision is imminent. Should the Court allow this trial to continue, there is real potential for inconsistent verdicts such that an appeal from this case would be a near certainty. In the interest of judicial economy, and in order to avoid wasteful efforts of the parties, the defendant moves that this Court stay this action until after the decision by the State of Connecticut Appellate Court. <u>See</u>, I. Appel Corp. v. Katz, 1999 U.S. Dist. Lexis 6744 S.D.N.Y. (1999) at *11; <u>Yamaha International Corp. v. Central Venture, Inc.</u>, 1991 U.S. Dist. Lexis 334 (S.D.N.Y. 1991) at *6-7. To the extent that plaintiff retired from State service on April 1, 2002, will suffer no harm from such a stay and a continuation of this case until after an Appellate Court ruling will promote a more streamlined and efficient trial in the federal court.

In conclusion, the defendant would ask the Court to deny the plaintiff's Motion in Limine or in the alternative, stay this proceeding until the State Appellate Court has issued its ruling.

3

DEFENDANTS
UCONN HEALTH CENTER, ET. AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *(signature)*
Jane B. Emons
Assistant Attorney General
55 Elm Street - P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax:  (860) 808-5383
Federal Bar No. #ct16515
Email: jane.emons@po.state.ct.us

### CERTIFICATION

I hereby certify that a copy of the foregoing Defendants' Objection to Plaintiff's Motion In Limine and Motion for Stay was hand delivered on this 13th day of November, 2003, to:

John Rose, Jr.
Levy & Droney, PC
74 Batterson Park Road
Farmington, CT  06032

*(signature)*
Jane B. Emons
Assistant Attorney General