FILED

2003 NOV 17 P 2:48

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RETINELLA BRAMWELL, *Plaintiff*, | CIVIL NO. 3:00CV1934 (SRU) |
| v. | |
| UCONN HEALTH CENTER, ET AL. *Defendants*. | NOVEMBER 14, 2003 |

## PLAINTIFF'S PROPOSED REQUESTS TO CHARGE

**1.    RETALIATION**

Retaliation is another form of disparate or unequal treatment under Title VII, the Civil Rights Act.

The components of a claim of retaliation or reprisal are a showing by the Plaintiff that

1.  she was engaged in statutorily protected activity; and

2.  that the employer was aware of her involvement or participation in that protected activity; and

3.  that the employer took against her some adverse personnel/employment action; and

4.  that there existed a causal connection between the protected act or action and the adverse employment action.

See <u>Eteng v. New York State Department of Labor</u>, 1994 U.S. Dist. LEXIS 16261 (November 15, 1994); 66 F.3d 1295 (2d Cir. 1995).

Making a complaint to the Affirmative Action office of her employer constituted "statutorily protected activity."

Making a complaint to the State Commission on Human Rights and Opportunities constituted "statutorily protected activity." Even informal complaints to management constitute protected activity under Title VII. <u>Gonzalez v. Bratton</u>, 2000 U.S. Dist. LEXIS 12002, No. 96 CIV 6330 (VM) (S.D.N.Y., August 22, 2000); <u>Peters v. City of Stamford</u>, (Droney, J.) 2003 U.S. Dist. LEXIS 4189 (March 17, 2003) Civil Case No. 3:99CV-764 (CFD).

Obviously, if she filed a complaint with her employer's supervisor, then the employer knew of Plaintiff's having acted in a "statutorily protected activity."

A suspension; a demotion; a transfer, under the circumstances here, all constitute an adverse personnel/employment action.

It is for you to determine whether there was a causal connection, i.e. whether the decision to act to suspend Plaintiff and/or to demote her; and/or to transfer her was connected to her complaints of employment discrimination.

You should note that retaliation is actually a separate, distinct offense under Title VII. Even if the complaint Plaintiff made of discrimination was groundless, if you find that the employer took an adverse personnel/employment action against her because she complained, then you must find that the employer is guilty of retaliation. <u>Summer v. U.S. Postal Service</u>, 899

2

F.2d 203, 208-09 (2d Cir. 1990) Moreover, a Title VII violation is proved if a retaliatory motive played a portion [part] in the adverse employment action, even if it was not the sole cause. Davis v. State University of New York, 820 F.2d 638 (2d Cir. 1986).

## 2. HOSTILE WORK ENVIRONMENT

A working environment dominated by racial hostility and harassment constitutes a violation of Title VII regardless of any other tangible job detriment to minority employees.

Gilbert v. City of Little Rock, 722 F.2d 1390, 1394;

Rogers v. EEOC, 454 F.2d 234, 258 (5th Cir. 1971)

In order to demonstrate a hostile work environment as to her, Plaintiff must demonstrate that (1) the workplace was permeated with discriminatory intimidation severe enough to alter the conditions of her work environment and (2) that a specific basis exists for claiming the conduct creating that hostile environment is attributed to the employer. Richardson v. New York State Dept. of Corr. Serv., 180 F.3d 426, 436 (2d Cir. 1999).

A sufficiently severe single incident may create a hostile work environment; or, more likely, a showing that the work place was permeated with discrimination, as evidenced by the frequency of discriminatory conduct; its severity; that the conduct was humiliating or physically threatening; and did unreasonably interfere with plaintiff's work; or did cause her psychological harm . . . that is what makes out a claim of hostile work environment.

Chacko v. Dynair Services, Inc., 2001 U.S. Dist. LEXIS 24498 (June 14, 2001),
96 CV2220 (SJ)

3

See <u>Harris v. Forklift Systems</u>, 510 U.S. 17 (1993)

3.  **DISCRIMINATION**

Discrimination against one employee cannot be cured or disproven solely by favorable or equitable treatment of other employees of the same race or sex.

<u>Brown v. Henderson</u>, 257 F.3d 246 251 (2d Cir. 2001)

PLAINTIFF  
RETINELLA BRAMWELL

By _____  
John Rose, Jr  ct 04228  
LEVY & DRONEY, P.C.  
74 Batterson Park Road  
Farmington, CT 06032  
(860)676-3115

Her Attorney

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was delivered in hand this 14th day of November, 2003 to:

Jane B. Emons  
Assistant Attorney General  
55 Elm Street  
P.O. Box 120  
Hartford, CT 06141-0120

_____  
John Rose, Jr