UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RETINELLA BRAMWELL

        v.                      3:00cv1934 SRU

UNIVERSITY OF CONNECTICUT
HEALTH CENTER, et al

RULING ON BILL OF COSTS

On November 20, 2003, judgment entered for the defendants on their motion for judgment as a matter of law. On December 9, 2003, the defendants submitted a Bill of Costs and no objection was filed by the plaintiff. For the reasons stated below, the defendant's bill of costs is granted in part and denied in part.

A. FEES OF THE STATE MARSHAL: The defendants submit claims for service fees of deposition subpoenas. The defendants are allowed to recover costs for service only to the extent that the costs do not exceed the costs that would have been charged if the U.S. Marshal effected service, U.S. v. Merritt Meridan Constr. Corp., 95F.3d 153 (2d Cir. 1996). Therefore these claims are reduced to $40.00 which is the statutory fee of the U.S. Marshal.

Claim for service of subpoenas in the amount of $102.78 on Dr. Roy Kellerman - $33.53, Dr. Ronald Bloom - $33.53, Dr. Mary E. Norris - $35.72 are allowed. Claim for service of subpoenas in the amount of $75.72 on Elizabeth Monahan - $37.86 and Dr. Steven Kahn - $37.86 are allowed. Claim for service of subpoena on Dr. Jordan Goetz

in the amount of $42.75 is reduced to $40.00.

Therefore claims for service of deposition subpoenas is allowed in the amount of **$218.50**.

The claim for service of trial subpoenas in the amount of $179.20 on Drs. Kahn, Bloom, Norris, Kellerman and LMFT Monahan and the claim for service of trial subpoena in the amount of $49.28 on Dr. Goetz are disallowed as these witnesses did not testify at trial.

<u>B. FEES FOR COURT REPORTER:</u> Defendant is entitled to costs for an original and one copy of the transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80.  Pursuant to Vol VI, Chap. XX of the "Guide to Judiciary Policies and Procedures", maximum transcript rates for an original and one copy are $3.75 per page.  Postage and handling and charges for delivery of transcripts are not recoverable as costs, <u>Wahl v. Carrier Mfg. Co., Inc.</u> 511 F.2d 209, 217 ($7^{th}$Cir., 1975).  Condensed, ASCII disk, expedited or daily transcripts are also not recoverable as costs.  Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2.(ii).  The defendants submit claims for the deposition transcripts of Drs. Norris, Goetz and Kahn and LMFT Monahan in the amount of $1,279.25, for the deposition transcript of Dr. Kellerman in the amount of $317.00, for the deposition transcript of Dr. H. Wayne Carver, II in the amount of $129.60 and for the deposition transcript of Dr. Ronald Bloom in the amount of $244.85.  As the defendants did not present their case, these witnesses did not

testify at trial and therefore these deposition transcripts were not used in lieu of live testimony, for cross-examination or for impeachment purposes.  These claims are disallowed without prejudice to renewal upon submission of a showing as to how these depositions were necessarily obtained for the preparation of the case and not obtained solely for the convenience of counsel, <u>Marcoin, Inc. V. Edwin K. Williams & Co., Inc.,</u> 88 F.R.D. 588, 590 (E.D.Va., 1980).

The defendants submit a claim for the deposition transcripts of plaintiff, Retinella Bramwell, in the amount of $409.20, but only submit supporting documentation showing the page rate and number of pages in the amount of $69.60 for the deposition transcript of July 17, 2001.  Therefore this claim is reduced to $69.60 without prejudice to renewal within 10 days upon submission of further documentation to support the claim of $339.60 for July 30, 2001 deposition transcript.

Costs are entered in the amount of **$69.60.**

    <u>C. FEES FOR WITNESSES:</u> Witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost.  The defendants submit claims in the amount of $351.69 as witness fees for Drs. Norris, Bloom, Kellerman, Goetz and Kahn and LMFT Monahan for attendance at depositions.  None of these persons testified at trial and there is no showing that the depositions of these witnesses were used at trial or were necessary for the preparation of the case and not for the convenience of counsel.  Therefore this claim is disallowed without prejudice to renewal within 10 days upon submission of further documentation.

The defendants submit claims for witness fees for Drs. Bloom, Kahn, Kellerman and

Norris and for LMFT Monahan for attendance at trial in the amount of $267.80. Witness fees are taxable when the witness has actually testified pursuant to Local Rule 54(c)4.(I).  None of these witnesses testified at trial, therefore this claim is disallowed. The defendants submit claims for expert witness Dr. Peter Schulman in the amount of $900.00.  Fees for expert witnesses are taxable at the same rates as any other witness, Local Rule 54(c)4.(I).  Dr. Schulman did not testify at trial, therefore this claim is disallowed.

D. SUMMARY: For the reasons previously stated, the defendants' bill of costs are allowed as follows:

| | |
|---|---|
| Fees of the State Marshal | $218.50 |
| Fees of the Court Reporter | $ 69.60 |
| Total | $288.10 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Bridgeport, Connecticut, this 28th day of July, 2004.

KEVIN F. ROWE, Clerk

By   /s/Chrystine W. Cody
       Deputy-in-Charge