UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RETINELLA BRAMWELL<br>    *Plaintiff*, | :    CIV. NO. 3:00CV1934(SRU)<br>:<br>: |
| v. | : |
| UNIVERSITY OF CONNECTICUT HEALTH<br>CENTER, STATE OF CONNECTICUT<br>DEPARTMENT OF CORRECTIONS, ESTHER<br>McINTOSH and KAREN DUFFY-WALLACE<br>    *Defendants* | :<br>:<br>:<br>:    August 2, 2004 |

**MOTION FOR RECONSIDERATION ON COURT RULING
ON DEFENDANTS' MOTION FOR COSTS**

The defendants move the court for reconsideration of the Clerk's Ruling on Bill of Costs dated July 28, 2004 on Defendants' motion for costs as follows:

**Fees for Court Reporters**. The Clerk's ruling denies defendants' motion for costs in the amount of $1,278.25 for the deposition transcripts of Drs. Norris, Goetz and Kahn and LMFT Monahan, $317.00 for the deposition transcript of Dr. Kellerman, $128.60 for the deposition transcript of Dr. H. Wayne Carver, II and $244.85 for the deposition transcript of Dr. Ronald Bloom.

First, the cost for the deposition transcript of Dr. H. Wayne Carver, II must be allowable inasmuch as the deposition Dr. Carver, the Chief Medical Examiner for the State of Connecticut, Medical Examiner's Office, was taken by plaintiff's counsel. The cost of the deposition was unavoidable and the state is entitled to recover its costs of $128.60.

Further, the ruling disallowing the claims of the other deposition transcripts is flawed. Local Rule 54(c)(2)(ii) specifically states, "The cost of an original and one copy of deposition transcripts are recoverable as costs, if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, **or** if they are

<u>necessarily obtained for the preparation of the case</u> and not for the convenience of counsel. (Emphasis added).

The plaintiff put her emotional and physical state at issue in the above-captioned matter. During the discovery process, the plaintiff failed to produce documents as requested. Therefore, the defendants were put in the position that they, through counsel, had to depose the medical providers to obtain the information and documentation previously not disclosed by the plaintiff.

Further, the defendants, through counsel, utilized the information and documentation gathered at these depositions to cross examine the plaintiff at trial about the issues she raised.

The ruling disallowed a claim of $339.60 for a July 30, 2001 deposition transcript on the premise that improper documentation had been supplied in support of this claim. Defendants' counsel respectfully submits that documentation was supplied in the original motion for costs regarding the July 30, 2001 deposition. A copy of that documentation is attached hereto.

**<u>Fees for Witnesses</u>** --    The clerk's ruling denies witness fees for attendance at depositions in the amount of $351.69 as witnesses for Drs. Norris, Bloom, Kellerman, Goetz and Kahn and LMFT Monahan. Pursuant to the arguments, <u>supra</u>, that the costs for depositions transcripts are allowable, the witness fees for attendance at depositions in the amount of $351.69 should be allowable as well.

**Trial Costs** -- The defendants, through counsel, respectfully represent that the costs of the marshals for service of subpoenas for trial and the costs for witness fees for attendance at trial are allowable but leaves the decision to the Court.

The Clerk's ruling denies these costs inasmuch as the witnesses subpoenaed to trial did not actually testify. However, pursuant to Local Rule 54(c)(4)(i), witness costs are recoverable when, "…the witness has actually testified <u>OR was necessarily in attendance at trial</u> and whether nor not the witness voluntarily attended or was present under subpoena. (Emphasis added). While the witnesses were not physically called to the trial, they remained at all times on the

defendants' witness list.  The use of a subpoena for the individuals in question was the only method by which their attendance could be secured.

Defendants' counsel could not know that the Court would enter a directed verdict for the defendants and incurred these costs in preparation of putting on their case in chief.  Wherefore, the defendants respectfully represent that these costs are allowable under Local Rules of Civil Procedure but respectfully leaves the decision regarding these costs to the Court.

WHEREFORE,  the defendants respectfully request that the Court reconsider the ruling of the Clerk issued on July 28, 2004 consistent with this motion.

DEFENDANT
UNIVERSITY OF CONNECTICUT
    HEALTH CENTER

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Jane B. Emons
Assistant Attorney General
Federal Bar No. ct 16515
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
E-mail: Jane.Emons@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Motion for Reconsideration on Ruling on Motion for Costs was mailed, U.S. mail first class postage prepaid, this     day of August, 2004 to all counsel of record:

John Rose, Jr., Esq.
Levy & Droney, P.C.
74 Batterson Park Road, P.O. Box 887
Farmington, CT   06034-0887

_____
Jane B. Emons
Assistant Attorney General